**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NIXON KEAGO ,**

**Plaintiff,**

**v.** **CASE NO. 21-3131-SAC**

**UNITED STATES DISCIPLINARY BARRACKS, Ft. Leavenworth,**

**Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Nixon Keago is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

This matter is a *Bivens*-type[1] civil rights action filed *pro se* by a prisoner currently incarcerated at the United States Disciplinary Barrack at Fort Leavenworth, Kansas ("USDB").

Plaintiff's Complaint is based on an injury he received during his work detail at the USDB. He claims he has clinical insomnia, his requests to be placed on a different work detail were denied, and he was required to work the 3:00 a.m. shift with no sleep. Plaintiff alleges he injured his thumb at work. Plaintiff also alleges that the medication he is receiving is not helping with his insomnia and he now suffers from depression and anxiety. Plaintiff alleges neglect based on the denial of medical care. Plaintiff also alleges that he suffered a work-related injury. Plaintiff names the USDB as the sole defendant and seeks $50,000 in damages.

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

## III. DISCUSSION

In *Feres v. United States*, 340 U.S. 135 (1950), the United States Supreme Court determined that the Federal Torts Claims Act did not operate as a waiver of sovereign immunity in an action brought by active-duty military personnel. The Court held that the federal government "is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146.

Federal courts have extended the "incident to service" test to bar other damages actions against military personnel. In *Chappell v. Wallace*, 462 U.S. 296 (1983), the Court applied the

*Feres* doctrine to bar constitutional claims brought pursuant to *Bivens*, holding "that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." *Chappell*, 462 U.S. at 305; *see also United States v. Stanley*, 483 U.S. 669, 681 (1987) ("Today, no more than when we wrote *Chappell*, do we see any reason why our judgment in the *Bivens* context should be any less protective of military concerns than it has been with respect to FTCA suits, where we adopted an 'incident to service' rule.").

Plaintiff's apparent status as a military prisoner dictates that his claims concerning his injuries while housed at the USDB arise incident to military service. In *Ricks v. Nickels*, 295 F.3d 1124 (10th Cir. 2002), the Tenth Circuit noted that:

> At the time he filed the original complaint, Ricks was serving his sentence at the USDB in Fort Leavenworth, Kansas. The USDB is the Army Corrections System maximum custody facility and provides long-term incarceration for enlisted and officer personnel of the armed forces. No civilians are confined at the USDB. The USDB is run by the Commandant, a United States Army military police officer. Military police serve as correctional officers at the USDB, which does not employ civilian guards. At the time of the complaint, all named Defendants were active duty members of the United States Army, serving in their official capacities as Commandant, noncommissioned officers, guards, and administrative support for the USDB.

*Id*. at 1126 (rejecting military prisoner's *Bivens* claim under *Feres* doctrine; plaintiff, although discharged, remained subject to the Uniform Code of Military Justice). The Court held that Ricks' alleged injuries stemmed from his "military relationship such that it is 'incident' to his military service, where he was convicted in a military court for offenses committed during active duty; was confined in a military institution commanded and operated by military personnel, subject to the USDB's rules and regulation; and was subject to the UCMJ and could be tried by court-martial for offenses during incarceration. Likewise, Plaintiff's claim for monetary damages is "incident to military service" and therefore barred by the *Feres* doctrine.

**IV. Response Required**

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause why his Complaint (Doc. 1) should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **August 20, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated July 20, 2021, in Topeka, Kansas.**

**S/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**