**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**NIXON KEAGO ,**

      **Plaintiff,**

      **v.**                               **CASE NO.  21-3131-SAC**

**UNITED STATES DISCIPLINARY
BARRACKS, Ft. Leavenworth,**

      **Defendant.**

## **MEMORANDUM AND ORDER**

This matter is a *Bivens*-type[1] civil rights action filed *pro se* by a prisoner currently incarcerated at the United States Disciplinary Barrack at Fort Leavenworth, Kansas ("USDB"). On July 20, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC") directing Plaintiff to show cause why this action should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's response (Doc. 5).

Plaintiff's Complaint is based on an injury he received during his work detail at the USDB.  He claims he has clinical insomnia, his requests to be placed on a different work detail were denied, and he was required to work the 3:00 a.m. shift with no sleep.  Plaintiff alleges he injured his thumb at work.  Plaintiff also alleges that the medication he is receiving is not helping with his insomnia and he now suffers from depression and anxiety.  Plaintiff alleges neglect based on the denial of medical care.  Plaintiff also alleges that he suffered a work-related injury. Plaintiff names the USDB as the sole defendant and seeks $50,000 in damages.

The Court found in the MOSC that in *Feres v. United States*, 340 U.S. 135 (1950), the United States Supreme Court determined that the Federal Torts Claims Act did not operate as a

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

waiver of sovereign immunity in an action brought by active-duty military personnel. The Court held that the federal government "is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146.

Federal courts have extended the "incident to service" test to bar other damages actions against military personnel. In *Chappell v. Wallace*, 462 U.S. 296 (1983), the Court applied the *Feres* doctrine to bar constitutional claims brought pursuant to *Bivens*, holding "that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." *Chappell*, 462 U.S. at 305; *see also United States v. Stanley*, 483 U.S. 669, 681 (1987) ("Today, no more than when we wrote *Chappell*, do we see any reason why our judgment in the *Bivens* context should be any less protective of military concerns than it has been with respect to FTCA suits, where we adopted an 'incident to service' rule.").

Plaintiff's apparent status as a military prisoner dictates that his claims concerning his injuries while housed at the USDB arise incident to military service. In *Ricks v. Nickels*, 295 F.3d 1124 (10th Cir. 2002), the Tenth Circuit noted that:

> At the time he filed the original complaint, Ricks was serving his sentence at the USDB in Fort Leavenworth, Kansas. The USDB is the Army Corrections System maximum custody facility and provides long-term incarceration for enlisted and officer personnel of the armed forces. No civilians are confined at the USDB. The USDB is run by the Commandant, a United States Army military police officer. Military police serve as correctional officers at the USDB, which does not employ civilian guards. At the time of the complaint, all named Defendants were active duty members of the United States Army, serving in their official capacities as Commandant, noncommissioned officers, guards, and administrative support for the USDB.

*Id*. at 1126 (rejecting military prisoner's *Bivens* claim under *Feres* doctrine; plaintiff, although discharged, remained subject to the Uniform Code of Military Justice). The Court held that Ricks' alleged injuries stemmed from his "military relationship such that it is 'incident' to his

military service, where he was convicted in a military court for offenses committed during active duty; was confined in a military institution commanded and operated by military personnel, subject to the USDB's rules and regulation; and was subject to the UCMJ and could be tried by court-martial for offenses during incarceration.   Likewise, Plaintiff's claim for monetary damages is "incident to military service" and therefore barred by the *Feres* doctrine.

In his response, Plaintiff recognizes the *Feres* doctrine and concedes that his injury claim should be dismissed.  (Doc. 5, at 2.)  However, Plaintiff argues that he is being denied proper medical care and is receiving disciplinary reports when he attempts to seek medical care.  The Court will construe Plaintiff's response as a request for injunctive relief.   *See Rios v. Commandant*, 100 F. App'x 706, n.1 (10th Cir. 2004) (unpublished) (noting that the court has held that "[a military prisoner's] claims for injunctive and declaratory relief [were] not barred by the *Feres* doctrine.") (quoting *Walden v. Bartlett*, 840 F.2d 771, 774 (10th Cir. 1988)). Therefore, the Court will order an answer to Plaintiff's Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk shall issue service of summons for Defendant, with service to be made by the United States Marshal or a Deputy United States Marshal at no cost to Plaintiff under Fed. R. Civ. P. 4(c)(3).  The Clerk shall transmit copies of this Memorandum and Order to the parties and to the U. S. Attorney for the District of Kansas.

**IT IS FURTHER ORDERED** that Plaintiff's injury and damages claims are dismissed.

**IT IS SO ORDERED**.

**Dated September 30, 2021, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**